```
              UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF RHODE ISLAND
```

In re:

    MICHAEL T. OWEN, SR.                       BK No. 18-10973
    DEBORAH A. OWEN
          Debtors                            Chapter 13

## ORDER CONFIRMING CHAPTER 13 PLAN

    The Debtors filed a Chapter 13 Plan (The "Plan") on December 26, 2018. Debtors filed a Certificate of Service on December 26, 2018, reflecting that the Plan and any applicable motions were served on all creditors and parties-in-interest. No objections to the confirmation of the plan or motions were filed, or all objections were overruled by the Court or resolved by the parties as set forth in the summary and disbursements and addendum attached hereto and incorporated herein. Upon consideration of the foregoing, the Court hereby orders the following:

1.    The Plan is confirmed.  The term of the Plan is 60 months.

2.    The motion to modify the secured claim of Ford Motor Credit Co. LLC dba Lincoln Automotive Financial Services is granted. Notwithstanding anything in the confirmed Chapter 13 Plan to the contrary, the proposed modification of the secured claim in favor of Ford Motor Credit Co. LLC dba Lincoln Automotive Financial Services on the Debtors' 2012 Lincoln MKX shall not be effective unless and until a discharge has been entered on the Bankruptcy Court's Docket in the Chapter 13 case.

3.    The motion to avoid the lien of the Bureaus Investment Group recorded at Book LR5414, Page 148 in the Office of Land Records in the City of Cranston is granted.

    The motion to avoid the lien of the Capital One Bank (USA), NA recorded at Book LR4809, Page 181 in the Office of Land Records in the City of Cranston is granted.

    The motion to avoid the lien of the Midland Funding LLC recorded at Book LR5338, Page 60 in the Office of Land Records in the City of Cranston is granted.

    The motion to avoid the lien of the Portfolio Recovery Associates recorded at Book LR4164, Page 340 in the Office of Land Records in the City of Cranston is granted.

4. The motion to assume or reject lease N/A

5. In addition to pre-confirmation payments required to be paid by the Debtors, the Debtors shall pay to the Office of the Standing Chapter 13 Trustee, 400 Westminster St. Box 12, Providence, RI 02903, the sum of $5,428.00 per month for the months of February 2019 up to and including January 2022 and then $5,908.00 per month for the months of February 2022 up to and including June 2023.

6. The debtors shall turn over all federal income tax refunds received during the term of the plan to the Trustee.

7. The effective date of confirmation of the Plan is February 13, 2019.

8. The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed Plan are set forth on the attached summary which is incorporated herein by reference.

9. Unless otherwise ordered by the Court, all property of the estate as defined in 11 U.S.C. §§ 541 and 1306, including, but not limited to any appreciation in the value of real property owned by the Debtor(s) as of the commencement of the case, shall remain property of the estate during the term of the Plan and shall vest in the Debtor(s) only upon closing of the case. All property of the estate shall remain within the exclusive jurisdiction of the Bankruptcy Court.

10. The Debtor(s) shall not transfer, sell, encumber, or otherwise alienate property of the estate other than in accordance with the confirmed Plan or other order of the Bankruptcy Court. The Debtor shall be responsible for preserving and protecting all property of the estate.

11. The Court may, from time to time during the period of the Plan, increase or reduce the amount of the payments provided by the Plan, where it shall be made to appear at a hearing upon such notice as the Court may designate, that the circumstances so warrant or so require.

12. The Debtor shall inform the Trustee of any increase he/she receives in salary or in income.

13. The Trustee shall pay the remaining balance due to any creditor when that balance due is $25.00 or less.

14. Under 11 U.S.C. § 1325(a)(8) and § 1328(a), if the Debtor owes domestic support obligations, whether owed at the time of filing or incurred during the pendency of the bankruptcy case, the Debtor must file a certification with the Chapter 13 Trustee stating that all such payments due under the plan have been paid before a discharge order may enter.

15. Upon completion of the plan, discharge shall enter unless: (a) after motion and hearing the Court determines that the Debtor is not entitled to one pursuant to 11 U.S.C. § 1328(h), or; (b) the Debtor is otherwise not entitled to one pursuant to 11 U.S.C. § 1328.

16. The plan meets all of the requirements set forth in 11 U.S.C. § 1325(a).

17. This order is effective for the plan confirmed on February 13, 2019 as well as any amended plan approved by the Court, post confirmation, upon the entry of an order granting a Motion to Approve a post confirmation plan, unless a new order is deemed necessary.

_/s/ Diane Finkle_
Diane Finkle
United States Bankruptcy Judge
Date: 2/22/2019

<u>CERTIFICATION</u>

I hereby certify that a copy of the within Order Confirming Chapter 13 Plan was mailed, postage prepaid, to Mr. & Mrs. Michael Owen, Sr., 44 Raven Circle, Cranston, RI 02921 and electronically mailed to Janet Goldman, Esq. at jgoldmanlawri@jggoldman.com on February 14, 2019.

/s/ Martha Hunt

In re:   Michael T. Owen, Sr.                           BK-18-10973
         Deborah A. Owen

### SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN

All disbursements set out below and in this Order Confirming Plan will be made only upon the filing of a proof of claim duly proved and allowed by the Court.

A.  DOMESTIC SUPPORT OBLIGATION CLAIMS - None

B.  ADMINISTRATIVE CLAIMS

   Attorney's fees due to Janet Goldman, Esq. in the amount of $2,810.00 shall be paid first.

C.  PRIORITY CLAIMS

   Priority tax claims for which claims are properly filed and duly proved and allowed by the Court shall be paid next.

D.  SECURED CLAIMS

   The modified secured claim of Ford Motor Credit Co. LLC dba Lincoln Automotive Financial Services (Claim no. 27-1 filed August 31, 2018) shall be paid at the rate of $188.71 per month for 60 months.

   The following secured claims will be paid on a pro rata basis:

   - JPMorgan Chase Bank will be paid its pre-petition mortgage arrearage in the amount of $79,113.45 as set out in claim no. 19-1 filed August 7, 2018; and
   - The Internal Revenue Service will be paid secured claim in the amount of $13,610.00 as set out in claim no. 9-2 filed September 7, 2018.

   The debtors shall be responsible for the ongoing monthly mortgage payments due to JPMorgan Chase Bank and the ongoing secured loan payments due to Ford Motor Credit Co., I.C. Federal Credit Union and Lincoln Automotive Financial Services outside the Plan.

E. UNSECURED CLAIMS

   All unsecured creditors shall receive not less than 52% of the amount of their claims duly proved and allowed by the Court.

F. OTHER PERTINENT PROVISIONS - None

In re:   Michael T. Owen, Sr.                          BK-18-10973
         Deborah A. Owen

## ADDENDUM

The Plan as filed has been modified by the terms of this Order as follows:

**Part 5**

The amount to be distributed to unsecured creditors is changed from a pro rata share of $136,298.74 to not less than 52%.