UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IN RE: DEBORAH OWEN<br>MICHAEL OWEN, SR.<br>*Debtors.* | BK NO.: 18-10973<br>CHAPTER 13 |

## MOTION FOR RELIEF FROM AUTOMATIC STAY
## PURSUANT TO 11 U.S.C. SECTION 362(d)(1)

IC Federal Credit Union, a secured creditor in the above-captioned bankruptcy case, by its counsel, Marc D. Wallick, Esq., as and for a Motion for Relief from Automatic Stay pursuant to 11 U.S.C. Section 362(d)(1), states the following as grounds therefore:

1. On June 1, 2018, he debtors, above-named, filed a voluntary petition in Bankruptcy under Title 11, Chapter 13, U.S.C., in the United States Bankruptcy Court for the District of Rhode Island.

2. The Court has jurisdiction to entertain this motion under 28 U.S.C. Section 157.

3. IC Federal Credit Union is a secured creditor herein and the holder of a duly perfected purchase money security interest in one (1) 2011 Land Rover with VIN# ending 0485 (hereinafter "collateral") owned by, and upon information and belief, in the possession and control of the debtors, above-named.

4. Pursuant to 11 U.S.C. Section 362, upon the commencement of the instant bankruptcy case, IC Federal Credit Union is stayed from taking any action against the debtors to obtain possession of the collateral.

5. On February 22, 2014, the Debtor, Deborah Owen, entered into a Retail Installment Contract (hereinafter "Contract") with AutoMax Pre-owned (hereinafter "dealer") for the purchase of the collateral. Pursuant to the terms and conditions of the Contract, IC Federal Credit Union was granted a purchase money security interest in the collateral. Thereafter, the

Re: Deborah Owen
Case No.: 18-10973

Contract, pursuant to its terms, was duly assigned by the dealer to IC Federal Credit Union for good and valuable consideration. IC Federal Credit Union is now the holder and owner of said Contract.

6. As of November 17, 2020, the debtor was in default of her payment obligations to IC Federal Credit Union pursuant to the terms and conditions of the Contract as follows:

    a. Payoff balance: $8,792.80

    b. Post-petition arrears: $4,149.52 (plus contractual late charges)

(**NOTE:** The foregoing does not represent any amount which may be due for costs and attorneys' fees as may be allowed by the Court.)

7. Upon information and belief, the value of the collateral is depreciating.

8. The debtor has failed to elect to redeem the collateral and has not sought to reaffirm her underlying obligation to IC Federal Credit Union.

9. It is respectfully asserted that IC Federal Credit Union's interest in the collateral will not be adequately protected if the automatic stay is allowed to remain in effect.

10. Accordingly, sufficient cause exists to grant IC Federal Credit Union relief from the automatic stay herein which includes, but is not limited to, the following:

    a. The debtor is in default under the terms and conditions of the Retail Installment Contract.

    b. The security interest of IC Federal Credit Union with respect to the collateral is not adequately protected as envisioned under 11 U.S.C. Section 361.

    c. The debtor does not possess an equity interest in the collateral.

    d. The collateral is not necessary for an effective reorganization of a bankruptcy estate.

Re:    Deborah Owen
Case No.: 18-10973

11.    It is respectfully submitted that IC Federal Credit Union is in a more advantageous position to obtain an optimum price for the sale of the collateral thereby increasing the possibility of generating a surplus for distribution to creditors of the estate.

12.    No prior application for the relief requested herein has been made.

WHEREFORE, IC Federal Credit Union respectfully request that the Court issue an Order, pursuant to 11 U.S.C. Section 362 granting IC Federal Credit Union relief from automatic stay in order to obtain possession of its collateral, and for such other and further relief as to the Court may seem just and proper.

DATED: November 17, 2020

    Respectfully submitted,

    IC FEDERAL CREDIT UNION
    By its Attorney,


    /s/ Marc D. Wallick
    Marc D. Wallick, Esq.   (#2152)
    WALLICK & ASSOCIATES, LTD.
    51 Jefferson Boulevard, 1st Floor
    Warwick, RI  02888
    (401) 461-0100
    wallicklaw@aol.com

### NOTICE OF TIME TO RESPOND/OBJECT

Within fourteen (14) days after service, if served electronically, as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bankr. P. 9006(f) if served by mail or other excepted means specified, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Mall, 6th Floor, Providence, RI  02903, (401) 626-3100. If no objection or other response is timely filed within the time allowed herein, the paper will be deemed unopposed and will be granted unless:  (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.

Re:   Deborah Owen
Case No.: 18-10973

## CERTIFICATE OF SERVICE

    I hereby certify that on November 17, 2020, I electronically filed the Motion and proposed Order with the Clerk of the Bankru6ptcy Court for the District of Rhode Island using the CM/ECF system. The following participants have received notice electronically; Office of the US Trustee, Janet Goldman, Esq., John Boyajian, Esq., Tatyana Tabachnik, Esq., Lynda Lang, Esq., and Bernard Lemos, Esq.; and I hereby certify that I have mailed by United States Postal Service, postage prepaid, the document and a copy of the Notice of Electronic Filing to the following:

| | |
|---|---|
| Deborah Owen<br>44 Raven Circle<br>Cranston, RI  02921 | Michael Owen, Sr.<br>44 Raven Circle<br>Cranston, RI  02921 |
| American Express<br>Co Becket & Lee<br>PO Box 3001<br>Malvern, PA  19355 | PRA Receivables Management LLC<br>PO Box 41021<br>Norfolk, VA  23541 |

/s/ Marc D. Wallick

# RETAIL INSTALLMENT SALE CONTRACT
## SIMPLE FINANCE CHARGE

514SO499D5

Dealer Number __700485__ Contract Number __700485__

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Creditor-Seller (Name and Address) |
|---|---|---|
| DEBORAH A OWEN<br>44 RAVEN CIRCLE<br>CRANSTON, RI 02921-0000 | | AUTOMAX PREOWNED<br>1199 Worchester Rd.<br>Framingham, MA 01701 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2011 | LAND ROVER RANGE ROVER | SALSK2D47BA700485 | XX personal, family or household<br>☐ business<br>☐ agricultural ☐ _____ |

## TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $10,000.00 is |
|---|---|---|---|---|
| 5.990 % | $ 8,166.10 | $ 41,689.58 | $ 49,855.68 | $ 59,855.68 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due<br>Monthly beginning |
|---|---|---|
| Or As Follows: | | |
| 72 | 692.44 | 04/01/14 |

**Late Charge.** If payment is not received in full within 15 days after it is due, you will pay a late charge of 5% of the part of the payment that is late. The charge will not exceed $5 if you bought the vehicle primarily for personal, family, or household use.
**Prepayment.** If you pay off all your debt early, you will not have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

### ITEMIZATION OF AMOUNT FINANCED

1. Cash Price (including $3,044.58 sales tax) .................................................. $ 46,039.58 (1)
2. Total Downpayment
   - Trade-In _____
     (Year)     (Make)     (Model)
   - Gross Trade-In Allowance .......... $ N/A
   - Less Pay Off Made By Seller ...... $ N/A
   - Equals Net Trade In ................... $ N/A
   - + Cash .......................................... $ 10,000.00
   - + Other ......................................... $ N/A
   - (If total downpayment is negative, enter "0" and see 4I below) $ 10,000.00 (2)
3. Unpaid Balance of Cash Price (1 minus 2) ................................ $ 36,039.58 (3)
4. Other Charges Including Amounts Paid to Others on Your Behalf
   (Seller may keep part of these amounts):
   - A Cost of Optional Credit Insurance
     - Paid to Insurance Company or Companies
     - Life .................................................... $ N/A
     - Accident and Health ........................ $ N/A  $ N/A
   - B Vendor's Single Interest Insurance
     - Paid to Insurance Company ............. $ 60.00
   - C Other Optional Insurance Paid to Insurance Company or Companies $ N/A
   - D Optional Gap Contract ............................................................... $ N/A
   - E Official Fees Paid to Government Agencies
     - to N/A for _____ $ N/A
       N/A

**Insurance.** You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest is required is checked below.
If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**
**Optional Credit Insurance**
☐ Credit Life:  ☐ Buyer  ☐ Co-Buyer  ☐ Both
☐ Credit Accident and Health (Buyer Only)
Premium:
Credit Life $ _____
Credit Accident and Health $ _____
Insurance Company Name  N/A
_____ N/A
Home Office Address _____

**YOU CANNOT BE DENIED CREDIT SIMPLY BECAUSE YOU CHOOSE NOT TO BUY CREDIT INSURANCE. CREDIT LIFE INSURANCE AND CREDIT ACCIDENT AND HEALTH INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT. INSURANCE WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE ADDITIONAL CHARGE.**

Credit life insurance and credit accident and health insurance are not required to obtain credit. Your decision to buy or not to buy credit life insurance or credit accident and health insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit accident and health insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit accident and health insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

**Other Optional Insurance**
☐ _____
Type of Insurance          Term
Premium $ ___N/A___
Insurance Company Name _____
Home Office Address _____

☐ _____
Type of Insurance          Term
N/A

| | | | |
|---|---|---|---|
| F | Government Taxes Not Included in Cash Price | | $ N/A |
| G | Government License and/or Registration Fees REGISTRATION | | $ 119.00 |
| H | Government Certificate of Title Fees | | $ N/A |
| I | Other Charges (Seller must identify who is paid and describe purpose) | | |
| | to | for Prior Credit or Lease Balance | $ N/A |
| | to AUTOMAX PREOWNED | for Document Fee | $ 499.00 |
| | to | for | $ N/A |
| | to | for | $ N/A |
| | to AUL/ CONTINENTAL | for Service Contract | $ 4,972.00 |
| | to | for | $ N/A |
| | Total Other Charges and Amounts Paid to Others on Your Behalf | | $ 5,650.00 (4) |
| 5 | Amount Financed (3 + 4) | | $41,689.58 (5) |

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before _____, Year _____. SELLER'S INITIALS _____

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term _____ Mos. _____
Name of Gap Contract

I want to buy a gap contract.
Buyer Signs X _____

---

Insurance Company Name _____
Home Office Address _____

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

X _____
Buyer Signature    Date

X _____
Co-Buyer Signature    Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS.**

☐ **VENDOR'S SINGLE INTEREST INSURANCE (VSI** insurance): If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. You may choose the insurance company through which the VSI insurance is obtained. If you elect to purchase VSI insurance through the Creditor, the cost of this insurance is $_____ and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

**Returned Check Charge:** You agree to pay a charge of $ 10 if any check you give to us is dishonored.

---

## NO COOLING OFF PERIOD
State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.    Buyer Signs X _____ Co-Buyer Signs X _____
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
**See back for other important agreements.**

**NOTICE TO THE BUYER: 1.** Do not sign this contract if any of the spaces intended for the agreed terms to the extent of then available information are left blank. **2.** You are entitled to an exact copy of the contract you signed. **3.** Under the law, you have the following rights, among others: -- (a) to pay off in advance the full amount due and to obtain a partial refund of the finance charge; (b) to redeem the property if repossessed for a default; (c) to require, under certain conditions, a resale of the property if repossessed.

**You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.**

Buyer Signs X _____ Date 2/22/14    Co-Buyer Signs X _____ Date _____
Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle, but does not have to pay the debts. The other owner agrees to the security interest in the vehicle given to us in this contract.    02/15/14

Other owner signs here X _____    Address _____
Seller signs _____ Date 02/15/14    By X _____ Title _____

Seller assigns its interest in this contract to _____ (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse    IC CREDIT UNION ☒ Assigned without recourse    ☐ Assigned with limited recourse
                             XX
Seller _____ By X _____    Title General Manager

FORM NO. 553-MA-ARB X u.s. PREOWNED
©2008 The Reynolds and Reynolds Company TO ORDER: www.reysource.com; 1-800-344-0996; fax 1-800-531-9055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

ORIGINAL LIENHOLDER

**OTHER IMPORTANT AGREEMENTS**

1. **FINANCE CHARGE AND PAYMENTS**
   a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.
   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.
   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

2. **YOUR OTHER PROMISES TO US**
   a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.
   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. **Security Interest.**
      You give us a security interest in:
      - The vehicle and all parts or goods put on it;
      - All money or goods received (proceeds) for the vehicle;
      - All insurance, maintenance, service, or other contracts we finance for you; and
      - All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
      
      This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.
   d. **Insurance you must have on the vehicle.**
      You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our

   If you pay late, we may also take the steps described below.
   b. **You may have to pay all you owe at once.** If you break your promises (default) and the default is material, we may demand that you pay all you owe at once after we give you any notice and opportunity to cure the default the law requires. Default means:
      - You pay any payment more than 15 days late or not at all; or
      - You start a proceeding in bankruptcy or one is started against you or your property; you give false, incomplete, or misleading information on a credit application; or you break any agreements in this contract; except that if you bought the vehicle primarily for personal, family or household purposes, we will only treat these events as defaults if they substantially impair the value of the collateral.
      
      The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.
   c. **You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay the attorney's reasonable fee and court costs, as the law allows.
   d. **We may take the vehicle from you.** If you default and the default is material, we may take (repossess) the vehicle from you after we give you any notice and opportunity to cure the default the law requires. We may only take the vehicle if we do so peacefully and the law allows it. If the vehicle is purchased primarily for personal, family, or household use, we may not enter property you own or rent to take the vehicle unless you consent at that time or a court decides we may repossess the vehicle. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.
   e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.
   f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
      We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it as the law allows. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If the money from the sale is not enough to pay the amount you owe, you must pay the rest to us, unless both of the following things are true: (i) you bought the vehicle primarily for personal, family or household use; and (ii) the balance you owed on this contract was $2,000 or less at the time you defaulted or surrendered the vehicle. If both of these things are true, you will not owe the rest. If either of these things is not true you will owe us the rest as the law allows. If you owe the rest and do not pay it when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.
   g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you



# CERTIFICATE OF TITLE

## STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | MODEL | BODY | TITLE SEQ. NO. |
|---|---|---|---|---|---|
| SALSK2D47BA700485 | 2011 | LNDR | | SUV | |

| WEIGHT | CYL. | IF NEW, DATE FIRST SOLD | DATE ISSUED | ODOMETER | T.I.N. |
|---|---|---|---|---|---|
| 6768 | 08 | USED | 03/21/2014 | 53145 0511632475 *ACTUAL MILEAGE* | |

First Lienholder
IC FEDERAL CREDIT UNION
300 BEMIS RD
FITCHBURG MA 01420

Date of Lien

Owner(s)
DEBORAH A OWEN
44 RAVEN CIRCLE
CRANSTON RI 02921

RELEASE OF LIEN
(FIRST LIEN) Interest in the above described vehicle is hereby released.

First lienholder _____ Date released _____
Signature _____ Title (if any) _____

SECOND LIENHOLDER

RELEASE OF LIEN
(SECOND LIEN) Interest in the above described vehicle is hereby released.

Second lienholder _____ Date released _____

DATE OF LIEN

Signature _____ Title (if any) _____

VOID UNLESS OFFICIALLY STAMPED.

This document is proof of your ownership of this vehicle. Keep it in a safe place, not with your license or registration or in your car. To dispose of your vehicle, complete the transfer section on the reverse and give the title to the new owner.

DIVISION OF MOTOR VEHICLES

WARNING: FEDERAL AND RHODE ISLAND LAWS REQUIRE THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.

## TRANSFER BY OWNER

The undersigned hereby assign and warrant title of this vehicle, subject to the liens described on the face of this certificate, or if not to those undisclosed liens hereby described below and none other, to (PLEASE PRINT)

BUYER(S) NAME_____ ADDRESS_____

LIENHOLDER_____ ADDRESS_____ DATE OF LIEN_____
(if none, state none)

### ODOMETER DISCLOSURE STATEMENT

I state that the odometer now reads _____ (NO TENTHS) miles and to the best of my knowledge that it reflects the ACTUAL MILEAGE of the vehicle described herein unless one of the following statements is checked:

☐ Mileage is in excess of its mechanical limits. (The odometer started at zero again.)
☐ Odometer reading is NOT the actual mileage. WARNING ODOMETER DISCREPANCY.

WE, THE BUYER AND SELLER, HEREBY CERTIFY THAT WE HAVE BOTH VIEWED THE ODOMETER OF THE MOTOR VEHICLE.

SIGNATURE(S) OF SELLER(S) X_____ DATE_____ SIGNATURE(S) OF BUYER(S) X_____ DATE_____

HAND PRINT NAME(S) OF SELLER(S) X_____ HAND PRINT NAME(S) OF BUYER(S) X_____

## FIRST REASSIGNMENT BY LICENSED DEALER

The undersigned hereby assign and warrant title of this vehicle, subject to the liens described on the face of this certificate, or if not to those undisclosed liens hereby described below and none other, to (PLEASE PRINT)

BUYER(S) NAME_____ ADDRESS_____

LIENHOLDER_____ ADDRESS_____ DATE OF LIEN_____
(if none, state none)

### ODOMETER DISCLOSURE STATEMENT

I state that the odometer now reads _____ (NO TENTHS) miles and to the best of my knowledge that it reflects the ACTUAL MILEAGE of the vehicle described herein unless one of the following statements is checked:

☐ Mileage is in excess of its mechanical limits. (The odometer started at zero again.)
☐ Odometer reading is NOT the actual mileage. WARNING ODOMETER DISCREPANCY.

WE, THE BUYER AND SELLER, HEREBY CERTIFY THAT WE HAVE BOTH VIEWED THE ODOMETER OF THE MOTOR VEHICLE.

NAME OF DEALERSHIP_____ DEALER LICENSE NO._____

ADDRESS_____ CITY_____ STATE_____

X_____ DATE_____ X_____
SIGNATURE OF AUTHORIZED AGENT                        SIGNATURE OF BUYER(S)

X_____ X_____
HAND PRINT NAME OF AUTHORIZED AGENT                  HAND PRINT NAME OF BUYER(S)

## SECOND REASSIGNMENT BY LICENSED DEALER

The undersigned hereby assign and warrant title of this vehicle, subject to the liens described on the face of this certificate, or if not to those undisclosed liens hereby described below and none other, to (PLEASE PRINT)

BUYER(S) NAME_____ ADDRESS_____

LIENHOLDER_____ ADDRESS_____ DATE OF LIEN_____
(if none, state none)

### ODOMETER DISCLOSURE STATEMENT

I state that the odometer now reads _____ (NO TENTHS) miles and to the best of my knowledge that it reflects the ACTUAL MILEAGE of the vehicle described herein unless one of the following statements is checked:

☐ Mileage is in excess of its mechanical limits. (The odometer started at zero again.)
☐ Odometer reading is NOT the actual mileage. WARNING ODOMETER DISCREPANCY.

WE, THE BUYER AND SELLER, HEREBY CERTIFY THAT WE HAVE BOTH VIEWED THE ODOMETER OF THE MOTOR VEHICLE.

NAME OF DEALERSHIP_____ DEALER LICENSE NO._____

ADDRESS_____ CITY_____ STATE_____

X_____ DATE_____ X_____
SIGNATURE OF AUTHORIZED AGENT                        SIGNATURE OF BUYER(S)

X_____ X_____
HAND PRINT NAME OF AUTHORIZED AGENT                  HAND PRINT NAME OF BUYER(S)

ANY FALSE STATEMENT MAY BE PUNISHABLE AS A MISDEMEANOR OR FELONY. ANY CHANGE OR ERASURE WILL VOID THIS TITLE.